# THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TIMOTHY WAYNE LAQUAY AND | § | Case No. 21-60099 |
| LINDA FISHER LAQUAY, *et al.*,[1] | § | |
| | § | (Joint Administration Requested) |
| Debtors. | § | |

## DEBTORS' MOTION TO (I) EMPLOY REAL ESTATE BROKER AND (II) SELL REAL PROPERTY LOCATED AT 2229 MAPLE ST., PORT O'CONNOR, TEXAS

**THIS MOTION SEEKS AND ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOTIVE PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Timothy Wayne LaQuay and Linda Fisher LaQuay, (the "**Debtors**") files this *Motion to (I) Employ Real Estate Broker and (II) Sell Real Property Located at 2229 Maple St., Port O'Connor, Texas* and states as follows:

### SUMMARY

1. The Debtors seek authority to retain Russell Cain of Russell Cain Real Estate (the "**Broker**) and to sell certain real property located at 2229 Maple St., Port O'Connor, Texas (the "**Port**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or social security number are: T.W. LaQuay Marine, LLC, (7150) Case No. 21-60101; and Timothy Wayne LaQuay (2483) and Linda Fisher LaQuay (3080) Case No. 21-60099.

O'Connor Property"), to Kevin Williams and Lori Savell (and/or assigns) (the "**Buyer**"), for the sum of $1,100,00.00. A copy of the sale agreement is attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in this Motion are §§ 105(a) and 363 of title 11 of the United States Code ("**Bankruptcy Code**").

## BACKGROUND

3. The LaQuays filed their voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 9, 2021 (the "**LaQuay Petition Date**"). The Debtors are the 100% equity holders of T.W LaQuay Marine, LLC ("**TWLM**"). TWLM filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 13, 2021 (the "**TWLM Petition Date**" and together with the LaQuay Petition Date, the "**Petition Dates**"). Joint administration of the cases has been requested.

4. The Debtors continue to operate their business as debtors-in-possession pursuant to sections 1182(b) and 1184 of the Bankruptcy Code. The U.S. Trustee has not appointed an examiner. No official committee of unsecured creditors has been formed.

5. The Debtors own various pieces of real property, including the Port O'Connor Property. In order to generate funds crucial to the reorganization of their business, the Debtors determined prepetition to engage the Broker to market and sell certain pieces of real property. The Debtors now wish to employ the Broker in their bankruptcy case to sell those same pieces of real property, including the Port O'Connor Property. The Broker has agreed to accept a commission of 6% of the gross sales price of the real estate the Broker sells for the Debtors. The Broker will be responsible for any compensation due a cooperating broker.

6. The Port O'Connor Property is subject to a lien held by PlainsCapital Bank. The Debtors would keep a portion of the proceeds of the sale (20%) in a separate account pending further order or agreement on the use of the cash collateral, with the remainder of such proceeds (80%, but not less than $770,000) to be paid to PlainsCapital Bank at closing of the sale for application to amounts owed to PlainsCapital Bank.

7. The Debtors believe the retention of the Broker is in the best interest of the estate. The Broker is a highly experienced real estate professional with extensive experience selling real estate similar in type and location as the Debtors' real estate.

8. The Debtors, through the Broker, received an offer to purchase the Port O'Connor Property for $1,100,00.00 from the Buyer (the "**Purchase Price**").  After conferring with the Broker, the Debtors accepted the offer, subject to this Court's approval and entry of an order authorizing the sale under 11 U.S.C. § 363.

## RELIEF REQUESTED

### I. Employment of the Broker is in the Best Interest of the Debtors' Estate

9. The Broker has extensive experience in real estate transaction, including the marketing and sale of real property in Calhoun and Victoria Counties and the surrounding areas. As set forth in the *Declaration of Russell Cain*, attached as **Exhibit B**, the Broker is a "disinterested person" as defined under the Bankruptcy Code, and neither holds nor represents any interest adverse to the Debtors or the estate.

10. The Debtors have negotiated at arm's length with the Broker. The Debtors seek to compensate the Broker under section 328(a). Upon the successful sale of the Port O'Connor Property and any other real property of the Debtors, the Broker would be entitled to a commission of 6% of the gross sales price.  The Broker will be responsible for any compensation due a cooperating broker.

## II. The Proposed Sale is an Exercise of the Debtors' Sound Business Judgment

11. Courts evaluate proposed sales outside the ordinary course under section 363(b) based upon the debtors' sound business justification. S*ee Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc., et al. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); s*ee also In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011); *In re Cowin*, No. 13-30984, 2014 WL 1168714, at *38 (Bankr. S.D. Tex. Mar. 21, 2014). Once the debtor articulates a valid business justification, "[t]he business judgment rule is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re S.N.A. Nut Co.*, 86 B.R. 98 (Bankr. N.D. Ill. 1995); *see also In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992); *In re JohnsManville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) (". . . a presumption of reasonableness attaches to a Debtor's management decisions.").

12. The Debtors have a sound business justification for selling the Port O'Connor Property under the terms outlined above. The Debtors conferred with the Broker regarding the offer and the value of the Port O'Connor Property. The Buyer is not related to the Debtors. The Broker has advised the Debtors that the offer is fair and reasonable. Moreover, selling the Port O'Connor Property now will bring crucially needed cash into the estate and avoid a prolonged marketing period and any costs associated with maintenance.

## III. The Court May Authorize the Sale and Assignment Free and Clear of All Liens

13. The Debtors submit that the Court may authorize the sale and assignment of the Port O'Connor Property free and clear of all liens, claims, and encumbrances. Section 363(f) allows the Debtors to sell and assign the assets free and clear of any interest if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute;
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

14.     The Port O'Connor Property is encumbered by a lien held by PlainsCapital Bank that exceeds the Sale Price. The Debtors satisfy section 363(f) of the Bankruptcy Code because PlainsCapital Bank consents to the sale of the Property and the Debtors agree that PlainsCapital Bank's liens shall attach to the proceeds of the sale of the Port O'Connor Property.

15.     The Debtors are not aware of any other party asserting a lien on the Port O'Connor Property. To the extent any such lien exists, the Debtors submits that any such lien, claim, or encumbrance will attach to the proceeds of the sale.

16.     Accordingly, the Debtors request authority to sell the Port O'Connor Property free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances attaching to the proceeds of the sale.

### **WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

17.     Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to maximize value of their estate. Accordingly, the Debtors respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## **CONCLUSION**

18. The Debtors respectfully requests that this Court enter an Order: (a) approving the employment of Russell Cain Real Estate as set forth above and in the proposed order filed herewith; (b) authorizing the Debtors to sell the Port O'Connor Property to the Buyer pursuant to the terms described herein free and clear of all liens, claims, and encumbrances with such liens, claims, and encumbrances attaching to the proceeds of such sale; and (c) granting such other and further relief as may be just and proper.

Dated: December 20, 2021                                                  Respectfully submitted,

**JONES MURRAY & BEATTY LLP**

By: /s/ William Hotze
Christopher Murray
Texas Bar No. 24081057
chris@jmbllp.com
William Hotze
Texas Bar No. 24087754
will@jmbllp.com
4119 Montrose Blvd., Suite 230
Houston, TX 77006
Phone: 832-529-1999
Fax: 832-529-3393

**PROPOSED COUNSEL FOR THE DEBTORS TIMOTHY WAYNE LAQUAY AND LINDA FISHER LAQUAY**